IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISHEEA SHAQUEENA REESE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ANDREW SAUL, Commissioner of | : | |
| Social Security[1] | : | NO. 19-2142 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                    January 29, 2020

In addition to challenging the merits of the Administrative Law Judge's ("ALJ") decision denying her application for supplemental security income, Plaintiff argues that that the ALJ who adjudicated her case was not properly appointed pursuant to the Appointments Clause of the United States Constitution. Doc. 11 at 3; Doc. 14 at 1-3 (both citing Lucia v. SEC, __ U.S. __, 138 S. Ct. 2044 (2018)). Defendant does not dispute the impropriety of the ALJ's appointment, but claims that Plaintiff forfeited the claim by failing to raise it at any point in the administrative proceedings. Doc. 12 at 1-2, 4-14.[2] On October 15, 2019, Defendant filed an uncontested motion to stay consideration of the case pending a decision on this issue by the Third Circuit Court of Appeals. Doc. 13 (citing Cirko v. Berryhill, No. 19-1772 (3d Cir.) and Bizarre v. Berryhill, No. 19-1773

---

[1]Andrew Saul became the Commissioner of Social Security on June 17, 2019, and should be substituted for the former Acting Commissioner, Nancy Berryhill, as the defendant in this action. Fed. R. Civ. P. 25(d).

[2]The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). See Standing Order, In RE: Direct Assignment of Social Security Appeal Cases to Magistrate Judge (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 4.

(3d Cir.)). I had not yet considered the motion when the Third Circuit decided the issue and concluded that the Appointments Clause challenge is not subject to exhaustion in the agency appellate process, and that the appropriate remedy is remand for a new administrative hearing before a constitutionally appointed ALJ other than the one who presided over the claimant's first hearing.

Consistent with the Third Circuit's decision, I will remand this case pursuant to Cirko v. Commissioner of Social Security and Bizarre v. Commissioner of Social Security, __ F.3d __, 2020 WL 370832 (3d Cir. Jan. 23, 2020), for consideration by a constitutionally appointed ALJ other than the one who previously adjudicated Plaintiff's claim.

Appropriate Orders follow.